Liquefied Petroleum Gas Board — Applicants — Examination The Liquefied Petroleum Gas Board or the Administrator thereof cannot require an applicant to submit to and successfully pass both written and oral examinations as prerequisites to approval of his application under 52 O.S. 420.4 [52-420.4] (1968). The Attorney General has had under consideration your letter dated August 12, 1968, wherein you refer to 52 O.S. 420.4 [52-420.4](e)(2) (1967). Section 52 O.S. 420.4 [52-420.4] provides in relevant part: "(e) The Board shall have the authority to approve or disapprove applications for registration permits to distributors and retailers of LPG, and the Administrator shall have the authority to approve or disapprove all other applications for registration permits that may be issued under subsection (a) above. "(1) No application shall be approved by the Administrator unless and until the Administrator, in his discretion, has satisfied himself by adequate oral or written examination of the applicant that the applicant has a working knowledge of the safety requirements provided by the rules and regulations of the Board. "(2) No application shall be approved by the Board unless and until the Board, in its discretion, has satisfied itself by adequate oral or written examination of the applicant, or the individual who is or shall be directly responsible for actively supervising the operations of such applicant which is a partnership, firm or corporation, that the applicant or such individual has a working knowledge of the safety requirements provided by the rules and regulations of the Board . . . ." (Emphasis added) You then, in effect, ask if the Liquefied Petroleum Gas Board or the Administrator of same can require an applicant to successfully pass both a written and oral examination as prerequisites to approval of their applications. The use of the word "or" in the aforementioned statutory language indicates an alternative. The term "or" should ordinarily be given its normal disjunctive meaning unless such a construction renders the provision in question repugnant to other provisions of the statute or unless it would involve an absurdity, or produce an unreasonable result. See 82 CJS., Statutes, Section 335, p. 675. Clearly, such an interpretation of the term "or" as used in the context of Section 420.4(e)(1) and (2), supra, would not involve an absurdity or produce an unreasonable result. In the case of Weir v. Bauer, Utah, 286 P. 936, the Court had occasion to construe the term "or". In that case the Court stated: "The word `and' cannot be substituted for `or' in statute when language is clear and nothing calls for substitution." Also see State ex rel. Caldwell v. Hooker,22 Okl. 764, 98 P. 965, wherein the Court stated in the ninth paragraph of its syllabus: "It is not that `or' is read `and,' for `or' never means `and,' but `or,' when used by mistake for `and,' should be substituted by `and'; the legislative intent imperatively so requiring." We do not find the word "or" to have been used by mistake nor does the legislative intent imperatively require such a substitution. Therefore, in answer to your question, it is the opinion of the Attorney General that the Liquefied Petroleum Gas Board or the Administrator thereof cannot require an applicant to submit to and successfully pass both a written and oral examination as prerequisites to approval of their application. (Don Timberlake)